**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re: SABRIYE AKINCIBASI,

        Debtor.                        Bankruptcy Case No. 3:04-bk-3844-3F3

_____

                                     Case No. 3:05-cv-822-J-32HTS

S. GREGORY MOSCARITOLO,        Case No. 3:05-cv-1251-J-32HTS

                                      Case No. 3:06-cv-132-J-32HTS

        Appellant,

vs.

SABRIYE AKINCIBASI,

        Appellee.

_____

**ORDER**[1]

These bankruptcy appeals are before the Court on pending motions to dismiss (Doc. 7 in Case No. 3:05-cv-822-J-32HTS, Doc. 1 in Case No. 3:05-cv-1251-J-32HTS, and Doc. 4 in Case No. 3:06-cv-132-J-32HTS). The motions are fully briefed and the Court heard argument on the motions on June 26, 2006, the transcript of which is incorporated by reference. Following the hearing, both sides filed supplemental memoranda with leave of Court.

The procedural history of these case is fairly complicated but there is no dispute as to the timing of any of the relevant events, which is recited in all of the briefs, and will not be repeated here. In essence, the question before this Court is whether the appellant, S.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

Gregory Moscaritolo, has appealed an Order of the Bankruptcy Court which would preserve Moscaritolo's right to pursue his claim against appellee, Sabriye Akincibasi. The Court has little difficulty in determining that neither of the later two appeals (Case No. 3:05-cv-1251-J-32HTS and Case No. 3:06-cv-132-J-32HTS) adequately preserves that right and finds that both of those appeals are due to be dismissed.[2]

The first appeal (Case No. 3:05-cv-822-J-32HTS), however, presents a more challenging question. There, Moscaritolo appeals an August 9, 2005 Order denying Moscaritolo's motion to extend time for filing proof of claim and denying his motion to extend time for filing motion (to extend time for filing a proof of claim). As he explained in his motion which moved for the extensions of time, Moscaritolo believed the time for filing his proof of claim was tolled while Akincibasi was appealing an earlier Order. According to the

---

[2]In Case No. 3:05-cv-1251-J-32HTS, Moscaritolo appealed an Order overruling his objection to the Chapter 13 Trustee's October 6, 2005 Notice of Completion of Case, which Order was neither a final order nor one appropriate for interlocutory appeal, given that a Trustee's Notice of Completion, which is not a document even contemplated by the Bankruptcy Rules and appears to be a notice of convenience used in local practice to communicate between the Trustee and the Bankruptcy Clerk's Office, does not affect any party's rights and the Court therefore finds no basis to exercise jurisdiction over this appeal. See, e.g., In re Celotex Corp., 187 B.R. 746, 748-49 (M.D. Fla. 1995) (explaining rules governing interlocutory appeals and collateral order exception). In Case No. 3:06-cv-132-J-32HTS, Moscaritolo appealed the Bankruptcy Court's January 11, 2006 Order of Discharge, in which the Court discharged the debtor (Akincibasi) upon finding she had successfully completed her Chapter 13 plan. This appeal is moot because, having failed to object to or appeal the Bankruptcy Court's September 8, 2005 Order confirming Akincibasi's Chapter 13 plan, no effective relief could be granted to Moscaritolo by appealing the later Order of Discharge which merely found that Akinsicibasi complied with the terms of the unappealed Order of Confirmation. See In re Seidler, 44 F.3d 945, 948 (11th Cir. 1995) (describing *res judicata* effect of Order of Confirmation on issues which were or should have been addressed in the confirmation process); In re Haynes, 107 B.R. 83, 87 (E.D. Va. 1989) (stating that once Chapter 13 plan confirmed, court could not address arguments that could have been made at confirmation hearing).

2

Bankruptcy Judge, the Honorable Jerry A. Funk, the time was not tolled during the Akincibasi appeal and, following a hearing, Judge Funk denied the motion for extension of time.[3] Moscaritolo's appeal of the Order denying the extension was docketed in this Court on August 31, 2005 and he filed his appellate brief on September 7, 2005. On September 8, 2005, Judge Funk entered an Order styled, "Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution," which, noting there had been no objection to confirmation at a hearing (of which Moscaritolo had notice), affirmed Akincibasi's proposed Chapter 13 plan and set forth the allowed claims, explaining that any claim not provided for in the exhibit to the Order would receive no distribution. The exhibit to the Order lists Moscaritolo as a creditor with a claim in the amount of $999,999.00 and states that his claim is disallowed.[4] Moscaritolo did not appeal the September 8, 2005 Order of Confirmation nor seek a stay of its provisions.

Akincibasi now moves to dismiss this appeal, claiming it became moot when the Bankruptcy Court entered its September 8, 2005 Order of Confirmation disallowing Moscaritolo's claim, which Order Moscaritolo did not appeal or seek to stay, following which Akincibasi paid her creditors through the Trustee, resulting in the January 11, 2006 Order of Discharge. Thus, Akincibasi claims that even if Moscaritolo prevails on his appeal, the

---

[3]Whether Judge Funk erred in determining that the time had not tolled is a matter raised by the merits of the appeal.

[4]As referenced above (*supra*, footnote 2), Akincibasi promptly paid the allowed claims of her other creditors and on January 11, 2006 the Bankruptcy Court entered an Order of Discharge, in which the Court discharged Akincibasi upon finding she had successfully completed her Chapter 13 plan.

underlying bankruptcy action has now concluded and there would be no relief the Court could grant Moscaritolo to effectively "unring" the bell. Moscaritolo claims his appeal is not moot because the Bankruptcy Court had no jurisdiction to enter the Order of Confirmation while the Order denying his motion for extension of time was on appeal, that his preservation of rights therefore did not depend on his taking an appeal of the Confirmation Order, and that effective relief is still available because he does not seek disgorgement of funds that have already been paid to other creditors.

Pursuant to 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Indeed, Eleventh Circuit precedent is clear that a confirmation order has res judicata effect on pending claims and is akin to a final judgment entered by a district court. In re Justice Oaks II, Ltd, 898 F.2d 1544, 1550 (11th Cir. 1990). However, the preclusive effect of a confirmation order extends only so far as the matters which were properly addressed by it. In re Seidler, 44 F.3d 945, 948 (11th Cir. 1995) (stating that section 1327 does not moot matters not decided within the order).

Here, the Confirmation Order addressed Moscaritolo's claim[5] and is res judicata as to that claim unless the Bankruptcy Court was divested of jurisdiction to address matters related to Moscaritolo's claim in the first place. Moscaritolo argues that the Bankruptcy Court

---

[5]Although Moscaritolo contends that confirmation and claims litigation are separate proceedings and that one does not affect the other, here the September 8, 2005 Confirmation Order adjudicated the claims as well.

was divested of jurisdiction to rule on the validity of his claim because he was appealing an earlier Order denying him leave to amend that very claim. The Court disagrees. The Order from which Moscaritolo took an appeal addressed only whether he should be granted an extension of time to amend the claim or alternatively an extension of time in which to move for an extension of time in which to amend his claim.[6] Thus, this appeal does not address any issue beyond the resolution of the motion for extension of time. The Bankruptcy Court, therefore, was not divested of jurisdiction to rule on the validity of Moscaritolo's claim as it existed in its "unamended" state. See In re Hagel, 184 B.R. 793, 798 (9th Cir. 1995) (explaining that Bankruptcy Court can take action to "implement or enforce" an Order that is on appeal provided such action does not "interfere with the appeal process or with the jurisdiction of the appellate court" and finding Bankruptcy Court had jurisdiction to dismiss Chapter 13 case while Order concerning plan deficiencies was on appeal) (citations omitted); In re Prudential Lines, Inc., 170 B.R. 222, 243-45 (S.D.N.Y. 1994) (describing collected cases and explaining that "[p]ermitting a court to enforce its orders, while prohibiting it from expanding upon them, allows the least disruption of the court's administration of a bankruptcy plan"). See also, In re Lickman, 304 B.R. 897, 904 (M.D. Fla. 2004) (discussing same principles); In re Winimo Realty Corp., 270 B.R. 99, 104 (S.D.N.Y. 2001) (same). The

---

[6]Moscaritolo mischaracterizes those proceedings by stating that he could not be expected to file a claim while the earlier Akincibasi appeal which addressed his claim was pending. In fact, what the Bankruptcy Court expected Moscaritolo to do was to file a motion for an extension of time to amend his claim or to move for an extension beyond the 90 day period set by the Bankruptcy Court in which to move to amend. The Akincibasi appeal did not affect Moscaritolo's ability to move for an extension of time, although of course his failure to do so, coupled by his later failure to object to confirmation, or to appeal or seek a stay of the Order of Confirmation, unfortunately did.

Court finds that the Confirmation Order did not interfere with the appeal process or decide an issue identical to the one appealed and at most, served to enforce or implement its earlier Order denying the motion for extension of time to amend the claim.[7] In re Prudential Lines, Inc., 170 B.R. at 244. Because Moscaritolo failed to appeal the Confirmation Order, which adjudicated his claim, Moscaritolo's claim is now moot and Akincibasi's motion to dismiss this appeal is due to be granted.[8] See In re Haynes, 107 B.R. 83, 86 (E.D. Va. 1989) (stating that "[i]t is obvious . . . that a creditor should seek to resolve *any* ambiguities [when a Chapter 13 plan is proposed for confirmation], regardless of how slight, in view of section 1327(a) of the Code which provides that 'the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan'") (emphasis in original).

---

[7] Because the Bankruptcy Court had jurisdiction to issue the Order of Confirmation, the Court need not address whether the subsequent completion of the Chapter 13 plan and discharge of the debtor mooted any potential claim for relief that Moscaritolo might have otherwise had if the Confirmation Order had been issued *ultra vires*.

[8] The Court alternatively finds that even if it were to address this appeal on its merits, the result would be the same as the Bankruptcy Court did not abuse its discretion in denying the motion to extend time for filing proof of claim and motion to extend time for filing motion. Judge Funk held a hearing on the motion and considered each of the three separate grounds Moscaritolo raised in support of his motion, including excusable neglect, waiver and lack of jurisdiction, finding each of them to be deficient. Judge Funk properly applied the law and acted within his permissible discretion in reaching that determination. See In re Steve Clapper & Assoc. of Fla., 339 B.R. 789, 793 (M.D. Fla. 2006) ("decisions concerning excusable neglect and the denial of a motion for an extension of time are reviewed for abuse of discretion"); Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999) (holding trial court not divested of jurisdiction to decide collateral matters not affecting questions presented on appeal).

Accordingly, it is hereby

**ORDERED**:

Each of appellee's Motions to Dismiss is due to be **granted**. These cases are dismissed and the Clerk shall close the files.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of August, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

counsel of record